# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CURTIS L. BARBER, | : | |
| Petitioner, | : | Case No. 3:08CV105 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| TIM BRUNSMAN, Warden, | : | |
| Lebanon Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

Petitioner Curtis L. Barber, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He is currently serving a forty-one and one-half year term of imprisonment imposed upon him pursuant to a February 2001 criminal judgment and sentence entered in the Montgomery County, Ohio Court of Common Pleas.  (Doc. #1 at 1).

The trial court imposed Barber's lengthy sentence after a jury found him guilty of six criminal offenses:  aggravated robbery, felonious assault, disrupting public services,

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

aggravated burglary, kidnapping, and attempted murder. (Doc. #1 at 1, 17-18).

Barber's habeas petition and exhibits are before the Court for preliminary *sua sponte* review under Rule 4 of the Rules Governing §2254 Cases. Under Rule 4, the Court must dismiss a federal habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief....."

## II. PROCEDURAL HISTORY

A review of Barber's Petition reveals that he filed an unsuccessful direct appeal of his convictions in the Ohio Court of Appeals. He did not pursue a further direct appeal in the Ohio Supreme Court. (Doc. #1 at 2).

While awaiting the Ohio Court of Appeals' decision on his direct appeal, Barber returned to the trial court by filing a petition for postconviction relief under Ohio Rev. Code §2953.21, raising one claim – his trial counsel provided ineffective assistance. (Doc. #1 at 3). In September 2003 the trial court entered a "summary dismissal" of Barber's postconviction relief petition. He did not appeal. *Id*.

More than two years later, in May 2006, Barber returned to the trial court, filing a second petition for postconviction relief. He claimed that his sentence violated *Blakely v. Washington* 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Doc. #1 at 3). Both the trial court and later the Ohio Court of Appeals found no merit in Barber's claims. The Court of Appeals reasoned, in part, that Barber had failed to demonstrate that *Blakely* created a new federal constitutional law, and as a result, he had

2

not demonstrated *Blakely* applied retroactively to his February 2001 convictions and sentence. (Doc. #1 at 19-20). The Ohio Court of Appeals also explained, "Even if *Blakely* was a new rule, this Court would not be required to apply it to those cases which came to us upon collateral review such as a post-conviction relief petition because *Apprendi* did not announce a 'watershed rule of criminal procedure,' implicating the fundamental fairness and accuracy of the criminal proceeding." (Doc. #1 at 20)(citing *Schiro v. Summerlin*, 542 U.S. 348, 355-56 (2004)). It is unclear from Barber's petition and attached Exhibits whether he sought further review in the Ohio Supreme Court. *See* Doc. #1 at 7-8.

The last avenue of relief Barber ventured down in the Ohio courts began in June 2007 when he filed a petition for writ of habeas corpus in the Ohio Court of Appeals. He claimed that the trial court lacked jurisdiction to sentence him because the court engaged in judicial fact finding to increase his sentence beyond the maximum sentence set by the Ohio legislature in Ohio Rev. Code §2929.14(B). (Doc. #1 at 21). The Ohio Court of Appeals construed Barber's claims as arising under *Blakely*, *Apprendi,* and *State of Ohio v. Foster*, 109 Ohio St. 1 (2006). (Doc. #1 at 21-22). Finding no merit in Barber's claims, the Ohio Court of Appeals explained in part:

> The Ohio Supreme Court limited its holding in *Foster* to cases pending on direct review, and held that those defendants whose cases were pending on direct review were only entitled to a new sentencing hearing. None of these cases found that criminal defendants in Ohio are entitled to a minimum sentence or to concurrent sentences, and they do not change the

3

> Ohio Supreme Court's determination that sentencing errors are no[t][2] cognizable in habeas corpus.

(Doc. #1 at 22-23)(footnote added).  Upon Barber's appeal, the Ohio Supreme Court affirmed the Ohio Court of Appeals' decision.  (Doc. #1 at 16).

### III.    BARBER'S FEDERAL HABEAS PETITION

Barber's federal habeas corpus petition in the present case sets forth the following two claims, each with supporting facts:

Ground One:    Due Process Denial where maximum state sentence has expired making custody unlawful.

    Supporting Facts:    State sentencing court exceeded its statutory authority where the court imposed a sentence exceeding three (3) years contrary to Ohio Revised Code §2929.14(A), (B) and the Due Process Clause of the United States Constitution.

Ground Two:    Due Process Clause of the 14th Amendment requires Petitioner's discharge from State custody where maximum sentence has expired.

    Supporting Facts:    Since the only lawful sentence State sentencing court could have imposed was three (3) years and [since the] three year sentence has expired, [the criminal] case is moot and Petitioner is entitled to immediate discharge from State custody.

(Doc. #1 at 5-6).

---

[2] This correction of an obvious typographical error is warranted because the Ohio Court of Appeals previously wrote, "The Ohio Supreme Court has consistently held that sentencing errors are not jurisdictional and <u>not</u> cognizable in habeas corpus."  (Doc. #1 at 22)(emphasis added)(citations omitted).

**IV.  DISCUSSION**

Barber's claims rest in part on asserted violations of Ohio sentencing law. State law claims such as this are not cognizable in federal habeas corpus proceedings, and thus provide no basis for federal habeas corpus relief.  *See* 28 U.S.C. §2241(a), (c)(3); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Yet Barber's Petition also claims that his sentencing and continuing incarceration violates his rights under the Due Process Clause of the Fourteenth Amendment.  Although Barber's Petition does not cite to or mention *Blakely* or *Apprendi* or *Foster*, his similar and only federal challenges to his sentence in the Ohio courts rested on these cases.  *See* Doc. #1 at 5-9, 17-23.  These cases, however, do not support Barber's federal habeas Petition.

Barber was convicted and sentenced in February 2001.  On December 12, 2002, his convictions were affirmed on direct appeal by the Ohio Court of Appeals. (Doc. #1 at 2).  When thirty more days went by, his time expired for seeking further direct appeal in the Ohio Supreme Court.  *See* Ohio R. App. P. 4(A).  His direct appeal thus concluded in the Ohio Courts in mid-January 2003, well before the U.S. Supreme Court decided *Blakely* in June 2004.

Because Barber's case was not pending on direct review when *Blakely* was decided, *Blakely* does not apply retroactively to Barber's case.  *See Valentine v. United*

5

*States*, 488 F.3d 325 (6th Cir.2007); *see also Lang v. United States*, 474 F.3d 348, 353 (6th Cir.2007); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). "Regardless of whether *Blakely* established a 'new rule of constitutional law' within the meaning of [28 U.S.C.] §2254(b)(2)(A)..., the Supreme Court has not declared *Blakely* to be retroactive to cases on collateral review.... Moreover, no combination of cases necessarily dictate retroactivity of the *Blakely* decision.... *Blakely* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. In fact, the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively...." *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004)(citations omitted); *see Humphress*, 398 F.3d at 860; *see also Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005). In addition, because the Ohio Court of Appeals likewise declined to apply *Blakely* retroactively to Barber's case, *see* Doc. #1 at 17-23, its decision was neither contrary to nor an unreasonable application of U.S. Supreme Court case law. *See* 28 U.S.C. §2554(d); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008).

  Accordingly, because the only federal claims raised in Barber's Petition rest on United States Supreme Court case law that does not apply retroactively to his case on collateral review, it plainly appears from his Petition and attached Exhibits that he is not entitled to federal habeas relief. His Petition must therefore be dismissed.

## V. Certificate of Appealability

Before a petitioner may file an appeal from a District Court's denial of a petition for a writ of habeas corpus, he or she must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)). If the District Court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484.

In the instant case, for the reasons set forth above, *supra*, §IV, the two conclusions reached in this Report – (1) Barber's Petition raises non-cognizable state law claims, and (2) Barber's federal claims are based on non-retroactive Supreme Court case law – are not debatable by jurists of reason. Barber's Petition and attached Exhibits do not otherwise present issues adequate to deserve encouragement to proceed further.

Accordingly, Barber should not be granted a certificate of appealability under 28 U.S.C. §2253(c)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. Curtis L. Barber's Petition for a Writ of Habeas Corpus be DENIED;

2. Barber not be granted a certificate of appealability under 28 U.S.C. §2253(c)(1); and

3. This case be terminated on the docket of the Court.


April 17, 2008

                                                    s/ Sharon L. Ovington
                                                       Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).